UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN,<br><br>        Plaintiff,<br><br>   v.<br><br>FRANK,<br><br>        Defendant. | No. 2:24-cv-02239-DJC-CKD (PS)<br><br><br>ORDER |

Plaintiff Quoc H. Nguyen proceeds without counsel and seeks to proceed in forma pauperis. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff has initiated this action with a civil complaint and an application to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du

Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Plaintiff's affidavit does not adequately demonstrate plaintiff was unable to pay the court costs and still afford the necessities of life when plaintiff filed this suit. Plaintiff checked the boxes indicating plaintiff received income from business, profession, or other self-employment and from other sources within the past 12 months. (ECF No. 2 at 1.) Plaintiff did not, however, describe each source of money and state the amount received and the amount expected to be received in the future, as required by the form application. (See id.) Plaintiff also did not list any regular monthly expenses in any specified amounts. (Id. at 2.) While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). Plaintiff has not done so.

Because plaintiff does not make an adequate showing of indigency for in forma pauperis status, plaintiff will be granted 30 days in which to submit the filing fee and administrative fee to the Clerk of the Court. In the alternative, plaintiff may submit a renewed application to proceed IFP. Any renewed affidavit must contain sufficient information to demonstrate plaintiff could not, at the time of filing suit, pay the court costs and still afford the necessities of life. Plaintiff is cautioned that failure to pay the court costs or file a renewed affidavit will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed.

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days from the date of this order, plaintiff shall submit the appropriate filing fee and administrative fee or a fully completed and signed affidavit to proceed without prepayment of fees.

Dated: September 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
nguy24cv2239.ifp