UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FRANK, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-02239-DJC-CKD (PS)<br><br>ORDER |

Plaintiff, Quoc H. Nguyen, proceeds without counsel[1] and has filed a complaint for a civil case which is before the court for screening. Plaintiff also requests to proceed in forma pauperis. Plaintiff's renewed application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. However, the complaint contains no factual allegations and therefore fails to state a claim. Plaintiff is granted leave to file an amended complaint.

I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
3  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

4  A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Pro se litigants are entitled to have their
9  pleadings liberally construed and to have any doubt resolved in their favor. Eldridge, 832 F.2d at
10 1137. Nevertheless, to survive screening, a plaintiff's claims must be facially plausible, which
11 requires sufficient factual detail to allow the court to reasonably infer that a named defendant is
12 liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

13 **II.     THE COMPLAINT MUST BE DISMISSED**

14 Plaintiff's complaint names four defendants but fails to identify a basis for this court's
15 jurisdiction and fails to plead any factual allegations. The complaint also does not specify what
16 relief plaintiff seeks through this lawsuit.

17 The complaint fails to give fair notice of any cognizable claims and the grounds on which
18 they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's
19 complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v.
20 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, the complaint does not
21 contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The
22 complaint does not describe the specific conduct any defendant is alleged to have engaged in that
23 violated plaintiff's rights. The complaint must be dismissed because it does not contain any
24 factual content to allow the court to draw the reasonable inference that a defendant has violated
25 plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming
26 dismissal of complaint where "one cannot determine from the complaint who is being sued, for
27 what relief, and on what theory, with enough detail to guide discovery").
28 ////

### III. CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 5) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 9, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, nguy24cv2239.scrn

3