UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN, | No. 2:24-cv-2239-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| FRANK, | |
| Defendant. | |

Plaintiff, Quoc H. Nguyen, proceeds without counsel and has filed a first amended complaint which is before the court for screening.[1] The amended complaint fails to establish the court's jurisdiction and fails to state a claim. The amended complaint must be dismissed, but plaintiff is granted another opportunity to amend.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
2  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3      A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Pro se litigants are entitled to have their
8  pleadings liberally construed and to have any doubt resolved in their favor. Eldridge, 832 F.2d at
9  1137. Nevertheless, to survive screening, a plaintiff's claims must be facially plausible, which
10 requires sufficient factual detail to allow the court to reasonably infer that a named defendant is
11 liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

12 **II.    DISCUSSION**

13     Plaintiff's original complaint was dismissed because it failed to identify a basis for the
14 court's jurisdiction, failed to include any factual allegations, and did not specify what relief
15 plaintiff sought. Plaintiff's first amended complaint names three defendants and includes an
16 attachment with what appear to be factual allegations for this case. However, the amended
17 complaint does not establish the court's jurisdiction and it is still unclear what relief plaintiff
18 seeks through this lawsuit.

19     **A. Subject Matter Jurisdiction**

20     Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co.
21 Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity
22 or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32.
23     The presumption is against jurisdiction and "the burden of establishing the contrary rests
24 upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir.
25 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks
26 subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see
27 Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may
28 dismiss an action sua sponte for lack of jurisdiction).

The first amended complaint asserts diversity of citizenship under 28 U.S.C. § 1332 as a jurisdictional basis. See 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, … and is between … citizens of different States…."). However, diversity jurisdiction is not established by the complaint's allegations. Plaintiff's address of record is in California and the only defendant listed with a listed address, Frank Nguyen, is also located in California. (ECF No. 9 at 4.) The complaint's allegations do not establish diversity of citizenship. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiff also has not established federal question jurisdiction. See 28 U.S.C. § 1331 (the federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). There is no federal law or statute cited in the first amended complaint that governs an issue or claim alleged.

### B. No Claims Stated

Plaintiff's allegations are difficult to understand, but it appears he alleges that defendant Frank Nguyen damaged the fence on plaintiff's property and threatened plaintiff's life. (ECF No. 8 at 6.) Plaintiff notes he has opened many cases and "doesn't have a date going to federal court yet[.]" (Id. at 7.) Plaintiff lists various names of people and their relationship to plaintiff in case he is "wiped out." (Id. at 7.)

The first amended complaint does not give fair notice of any cognizable claims and the grounds on which they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint also does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not describe the specific conduct any defendant is alleged to have engaged in that violated plaintiff's rights. The amended complaint must be dismissed because it does not contain factual content to allow the court to draw the reasonable inference that a defendant has violated plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir.

1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

To the extent plaintiff brings this action against defendant Frank for damaging plaintiff's property or threatening plaintiff's life, those allegations do not state a federal claim. As set forth above, federal courts are courts of limited jurisdiction. See Kokkonen, 511 U.S. at 377. Because diversity of citizenship does not exist between plaintiff and defendant, plaintiff must present a federal question in order for this court to have jurisdiction over any claims. Allegations of property damage and threats are not based on any federal statutes or violation of the United States Constitution. If plaintiff has any claims based on alleged property damage or threats, it appears those claims would be governed by state law, if they are cognizable. As set forth, though, the amended pleads insufficient facts to state any claim.

### III.   CONCLUSION

The amended complaint must be dismissed, but plaintiff is granted another opportunity to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). A further amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself. Each claim and the involvement of each defendant must be sufficiently alleged without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's amended complaint (ECF No. 8) is dismissed with leave to amend; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 17, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, nguy24cv2239.scrn.fac